## COUNTY COURT, PINELLAS COUNTY, FLORIDA
## SMALL CLAIMS DIVISION

(727) 464-7000 - www.mypinellasclerk.org
**REF: 21-011170-SC - North**

RENISON DIPCHANSINGH Vs.  LVNV FUNDING LLC,
TRUEACCORD CORP

TO : DEFENDANT/DEFENDANT ATTORNEY
 LVNV FUNDING LLC
 1201 HAYS STREET
 TALLAHASSEE, FL 32301

TIME: _12:00_

DATE: DEC 1 0 2021

SERVER

D #:

### SUMMONS/NOTICE TO APPEAR REMOTELY FOR PRE-TRIAL CONFERENCE

THE STATE OF FLORIDA :

### NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear via the Zoom platform on **Tuesday, February 01, 2022 at 11:00 AM.** for a PRE-TRIAL CONFERENCE before a judge of the court.

**To attend this meeting by video go to:**  **If you are unable to appear by video, call:**
  https://www.zoom.us/join    1 786 635 1003  or  1 470 250 9358
**Meeting ID: 926 8996 8149 Password: 621953**
**Instructions for Zoom hearings:**
- The Court has multiple hearings scheduled at this time. Join the Zoom meeting promptly at the designated time and wait to be admitted into the hearing.
- If you are using the video conferencing, be sure your profile name is your first and last name. If this is not your default, you will have the option to change it after you join the meeting.
- Although the hearing is conducted virtually, proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions.
- Mute your microphone when you are not required to speak.

### IMPORTANT - READ CAREFULLY
### THIS CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES- APPEAR IN PERSON OR BY ATTORNEY

 The defendant(s) *must* appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) *must* appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or defendants(s) shall not excuse the personal appearance of a party or its attorney in the pre-trial conference. The date and time of the PRE-TRIAL CONFERENCE CANNOT be rescheduled without good cause and prior court approval.

 Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pre-Trial Conference.

Copy 1      Page 1 of 2

Upon service of this summons/notice, if you are unrepresented, please complete a Designation of E-Mail Address for Party Not Represented by an Attorney form and file it with the Clerk of Court. This form may be found on www.mypinellasclerk.org/Forms and may be filed electronically via the Florida Courts E-Filing Portal at www.myflcourtaccess.com or by mail or hand-delivery to an office of the Clerk of Court.

The purpose of the pre-trial is to record your appearance, to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pre-trial conference.

You may be ordered to mediate at the pre-trial conference. Mediation means "A process whereby a neutral third person called a Mediator acts to encourage and facilitate the resolution of the dispute between two or more parties. It is an informal process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement." You or your attorney must have full authority to settle without further consultation at pre-trial mediation.

You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment, execution, or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's (s') attorney, if any.

A copy of the statement of claim shall be served with the original, alias and pluries summons.

Dated at Clearwater, Florida on 02 December, 2021.

KEN BURKE
CLERK OF THE CIRCUIT COURT

Copy 1                              Page 2 of 2

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 139308843 E-Filed 11/30/2021 08:35:53 AM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

RENISON DIPCHANSINGH,

      Plaintiff,

v.

LVNV FUNDING LLC and
TRUEACCORD CORP.,

      Defendants.

_____/

### PLAINTIFF'S STATEMENT OF CLAIM

      COMES NOW, Plaintiff, **RENISON DIPCHANSINGH** ("Mr. Dipchansingh" or

"Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Statement of Claim against Defendants, **LVNV FUNDING LLC** ("Debt Owner"), and

**TRUEACCORD CORP.** ("Debt Collector") (collectively "Defendants"), and in support

thereof states as follows:

#### *Introduction*

      1.    This action arises out of an alleged "Debt" as defined by 15 U.S.C. §

1692a(5) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692 *et. seq.* ("FDCPA"), where Defendants communicated information in connection

with the collection of the subject alleged Debt with person(s) other than Mr. Dipchansingh,

his attorney, or a consumer reporting agency without prior consent of Mr. Dipchansingh

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 1 of 12

***ELECTRONICALLY FILED 11/30/2021 08:35:52 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Pinellas County, Florida, where Defendant has physical locations in Pinellas County, Florida.

6.      Venue is proper in Pinellas County, Florida, where this tortious cause of action accrued in Pinellas County.

7.      Venue is also proper in Pinellas County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Mr. Dipchansingh, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page **2** of 12

9.    At all times material hereto, Debt Owner was and is a business with its principal place of business in the state of NV, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

10.    At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of KS, and its registered agent, INCORP SERVICES, INC., located at 17888 67TH CT N, Loxahatchee, FL 33470.

11.    Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

12.    Debt Collector regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

13.    Debt Collector collects or attempts to collect defaulted debts owed to another using the telephone and mails.

14.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Dipchansingh's alleged debt.

15.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Dipchansingh's alleged debt for Debt Owner.

16.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 3 of 12

17.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Dipchansingh's information.

18.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Dipchansingh's information into Debt Owner's sales or customer systems.

19.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

20.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter or call script for Debt Collector to use when communicating with Mr. Dipchansingh.

21.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA violations when contacting Mr. Dipchansingh and Debt Owner failed to stop such violations by Debt Collector.

22.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Dipchansingh's debt on behalf of Debt Owner.

### *Statements of Fact*

23.     Mr. Dipchansingh opened a credit card account with Credit One Bank for personal or household use ("Account").

24.     Sometime thereafter, Mr. Dipchansingh encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 4 of 12

25.    Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Owner.

26.    The Debt was in default status at the time it was sold, assigned, or transferred to Debt Owner.

27.    At some point thereafter, the Account and Debt was then assigned or transferred to Debt Collector for collection purposes.

28.    The Debt was in default status at the time it was assigned or transferred to Debt Collector for collection purposes.

29.    Mr. Dipchansingh never directly provided Defendants with prior consent to communicate any information in connection with the collection of the Debt with any persons.

30.    At no time has a court of competent jurisdiction authorized Defendants to communicate any information in connection with the collection of the Debt with any persons.

31.    At no time has Defendants needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

32.    Despite Defendants failing to have Mr. Dipchansingh's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendants have communicated information in connection with the collection of the Debt to third party vendors.

Plaintiff's Statement of Claim
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 5 of 12

33.     As part of their utilization of third party vendors, Defendants conveyed information regarding the alleged Debt to at least one third party vendor.

34.     The information conveyed by Defendants to their third party vendor included Mr. Dipchansingh's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Dipchansingh allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Dipchansingh.

35.     Defendants also conveyed that it was a debt collector attempting to collect a debt from Mr. Dipchansingh to its third party vendor(s).

36.     Under information and belief, Defendants communicated information in connection with the collection of the Debt to a third party vendor that provided risk assessments with respect to Mr. Dipchansingh and the Account.

37.     Under information and belief, Defendants communicated information in connection with the collection of the Debt to a third party vendor that provided various scrubbing services with respect to Mr. Dipchansingh and the Account.

38.     Defendants also communicated information in connection with the collection of the Debt to third party vendors that it used to send collection emails to Mr. Dipchansingh.

39.     The third party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Dipchansingh.

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 6 of 12

40.    For example, on or around May 4, 2021, Debt Owner used such a third party vendor, Debt Collector, to send an email to Mr. Dipchansingh in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

41.    Debt Collector's May 4, 2021 email was addressed directly to Mr. Dipchansingh, offered to resolve the subject balance owed to Debt Owner, and represented that Defendant's May 4, 2021 email was "an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit A.**

42.    All of Defendants' emails to Mr. Dipchansingh were done in connection with the collection of the alleged Debt.

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
## *(as against Debt Collector)*

43.    Mr. Dipchansingh re-alleges paragraphs 1-42 and incorporates the same herein by reference.

44.    Mr. Dipchansingh is a "consumer" within the meaning of the FDCPA.

45.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

46.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

47.    Debt Collector's communication of information in connection with the collection of the Debt to the subject third party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

48.    Debt Collector violated the FDCPA. Debt Collector 's violations include, but are not limited to, the following:

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 7 of 12

a.   Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Dipchansingh, his attorney, or a consumer reporting agency without the prior consent of Mr. Dipchansingh given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

49.   As a result of the above violations of the FDCPA, Mr. Dipchansingh has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

50.   Defendant's actions have damaged Mr. Dipchansingh by causing him stress.

51.   Defendant's actions have damaged Mr. Dipchansingh by causing him anxiety.

52.   Defendant's actions have damaged Mr. Dipchansingh by being an annoyance.

53.   Defendant's actions have damaged Mr. Dipchansingh by causing him aggravation.

54.   It has been necessary for Mr. Dipchansingh to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 8 of 12

55.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding  statutory  damages  as  provided  by  15  U.S.C.  §
    1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the
    Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")_
### _(as against Debt Owner)_

56.    Mr.  Dipchansingh re-alleges paragraphs 1-42 and incorporates the same herein by reference.

57.    Mr. Dipchansingh is a "consumer" within the meaning of the FDCPA.

58.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

59.    Debt Owner is a "debt collector" within the meaning of the FDCPA.

60.    Debt Owner's communication of information in connection with the collection of the Debt to the subject third party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

61.    Debt Owner violated the FDCPA. Debt Owner's violations include, but are not limited to, the following:

Plaintiff's Statement of Claim
_Dipchansingh v. LVNV Funding LLC and TrueAccord Corp._
Page 9 of 12

     a.  Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Dipchansingh, his attorney, or a consumer reporting agency, including, but not limited to, Debt Collector, without the prior consent of Mr. Dipchansingh given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

62.     Additionally, at all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

63.     Debt Collector also violated the FDCPA. Debt Collector 's violations include, but are not limited to, the following:

     a.  Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Dipchansingh, his attorney, or a consumer reporting agency without the prior consent of Mr. Dipchansingh given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 10 of 12

64.    As a result of the above violations of the FDCPA, Mr. Dipchansingh has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

65.    Defendant's actions have damaged Mr. Dipchansingh by causing him stress.

66.    Defendant's actions have damaged Mr. Dipchansingh by causing him anxiety.

67.    Defendant's actions have damaged Mr. Dipchansingh by being an annoyance.

68.    Defendant's actions have damaged Mr. Dipchansingh by causing him aggravation.

69.    It has been necessary for Mr. Dipchansingh to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

70.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees;

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 11 of 12

d.  Ordering an injunction preventing further wrongful contact by the

Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **RENISON DIPCHANSINGH**, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 30, 2021**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 12 of 12

Case Number:21-011170-SC

Filing # 139308843 E-Filed 11/30/2021 08:35:53 AM

# EXHIBIT A

***ELECTRONICALLY FILED 11/30/2021 08:35:52 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

From: **Susan Anderson** <susan@hello.trueaccord.com>
Date: Tue, May 4, 2021 at 12:24 PM
Subject: Attention Renison: let's get in touch
To: Renison Dipchansingh <crystaldipchansingh0█████@gmail.com>

Talk to us today.

This is an important message for Renison Dipchansingh. If you are not this person, please disregard and delete it.
Email not displaying correctly? Skip to our message.

# No one likes being in debt.

Dear Renison, we'd like to work with you to resolve your outstanding balance with LVNV Funding LLC (current creditor of your original Credit One Bank, N.A. account). If you need to talk to us, we're here to listen.

We're asking you to reach out to us now and take a step to resolve your balance.

Talk to us.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

   

Copyright © 2021 TrueAccord

16011 College Blvd, Suite 130, Lenexa, KS 66219
1-866-611-2731
Office Hours: M-F, 8 AM - 8 PM ET

**Your TrueAccord account number is:** ███████2616

Click here for more information about your balance

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

This was originally an account with Credit One Bank, N.A., account number ending in ████

You can view your Gramm-Leach-Bliley Privacy Rights by visiting this url:
http://go.trueaccord.com/resurgent_glb

LVNV Funding LLC account number ending in: ██████

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:  21-011170-SC

RENISON DIPCHANSINGH,

      Plaintiff,

v.

LVNV FUNDING, LLC, and
TRUEACCORD CORP.,

      Defendants.

_____/

**PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO DEFENDANT**

      COMES NOW, Plaintiff, RENISON DIPCHANSINGH ("Mr. Dipchansingh" or

"Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.340 of the Florida

Rules of Civil Procedure, hereby gives notice of service of its First Set of Interrogatories upon

Defendant, LVNV FUNDING LLC, to be answered under oath and in writing pursuant to Rule

1.340.

      DATED this **December 9, 2021:**

<div style="margin-left:40%">

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **09** day of

**December, 2021:**

1.    __X__ Electronic Mail/Electronic Service, __X__ Delivery, _____ US Mail, _____ Fax

LVNV Funding LLC
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No: 21-011170-SC

RENISON DIPCHANSINGH,

      Plaintiff,

v.

LVNV FUNDING LLC and
TRUEACCORD CORP.,

      Defendants.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT LVNV FUNDING LLC

      COMES NOW, Plaintiff, RENISON DIPCHANSINGH ("Mr. Dipchansingh" or "Plaintiff"), by and through the undersigned counsel, and hereby requests that Defendant, LVNV FUNDING LLC, respond to the following Interrogatories within 30 days after service hereof, in accordance with Fla. R. Civ. P.§ 1.340.

<div align="center">

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

</div>

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh  v. LYNV Funding LLC and TrueAccord Corp.*
Page 1 of 15

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served, but not filed, as follows on the 09 day of **December, 2021:**

1.      _____ Electronic Mail/Electronic Service, __**X**__ Delivery, _____ US Mail, _____ Fax

LVNV Funding LLC
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.      Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.      Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.      Each request and interrogatory is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.      Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 2 of 15

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.    A request to "identify" a document is a request to state (insofar as may be applicable):

a.    The date of such document.

b.    The type of document or written communication it is.

c.    The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

d.    The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

e.    The present location of such document.

f.    The name and present address of the person now having custody of the document.

g.    Whether You possess or control the original or a copy thereof and if so, the:

i.   location and name of the custodian of such original or copy;

ii.  a brief description of the contents of such document.

6.    A request to "describe" any oral statement or communication is a request to state:

a.    The name and present address of each individual making such statement or communication.

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 3 of 15

b.      The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c.      The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d.      The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e.      The place where such oral statement or communication was made.

f.      A brief description of the contents of such oral statement or communication.

7.      A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.      The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.      Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a.      His/her full name.

b.      His/her employer and position at the time.

c.      The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 4 of 15

      d.      His/her last known address, telephone number, and employer.

      e.      His/her present employer.

10.     A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

      a.      State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

      b.      For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

11.     Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

12.     A request in any of the enclosed interrogatories to "identify" any document is a request to attach said document to answers to these interrogatories.  If documents are attached to answers to these interrogatories, they must be marked to identify which interrogatory they refer to. In identifying documents You are also requested to produce, You need to supply only so much of the requested information as is not readily apparent from the face of the document.

13.     The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

14.     The term "Plaintiff's E-mail Address" refers to e-mail address crystaldipchansingh0***@gmail.com.

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 5 of 15

15.     The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

16.     If an answer to an interrogatory requires space beyond what is provided, please continue Your answer on additional paper, providing the question and the additional page number (e.g. "Interrogatory 3, page 2").

17.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

18.     Assume all interrogatories and discovery requests seek information from the time period during which You maintain(ed) the Subject Account and attempted to collect any balance owed under the Account.

19.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 6 of 15

## II. PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT LVNV FUNDING LLC

1.      State the name, address, employer, the position of employment, and the telephone number of every person who assisted in the preparation of the answers to these interrogatories.

**ANSWER:**

2.      State whether You have ever been involved in any previous FCCPA or FDCPA litigation anywhere in the United States in the past five (5) years, and if Your answer is in the affirmative, please state the date litigation was commenced and resolved (if applicable), parties, jurisdiction, venue, case number, synopsis of the case, and detailed description of the resolution thereof.

**ANSWER:**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 7 of 15

3.      Identify any servicer, sub-servicer, forwarder, intermediary, or third parties who conducted activity on the Subject Account, including, but not limited to engaging in the communications at issue in this lawsuit. Please identify the date of the activity by each entity, and the nature of the activity.

**ANSWER:**

4.      Identify each individual who spoke with the Plaintiff or any persons besides the Plaintiff regarding the Subject Account on Your behalf, including, in addition to the itemized information included in the definitions enclosed with these Plaintiff's First Interrogatories, that individual's first, middle, and last name, that individual's position at the time of speaking with Plaintiff or any other persons besides the plaintiff regarding the Subject Account, the last two known addresses of that individual, the last known personal phone number of that individual, and employer of the individual who spoke with the Plaintiff. Please identify the date and time of each conversation between that individual and Plaintiff or any persons besides the Plaintiff regarding the Subject Account.

**ANSWER:**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 8 of 15

5.      State whether or not written, recorded or oral statements have been obtained from any persons relating to the facts or circumstances surrounding the occurrence mentioned in the Complaint.  If so, state the name, address, employer, and job title of the person presently having control, custody or being present for such statements.

   **ANSWER:**

6.      State the number of emails that you sent to Plaintiff's E-Mail Address during the Relevant Time Period. For each email identified by You in response to this Interrogatory, describe Your reason or purpose for sending the email to Plaintiff.

   **ANSWER:**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page **9** of **15**

7.     Identify and state the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the Subject Account or Your collection efforts related to the Subject Account.

**ANSWER:**

8.     Identify the account numbers of all accounts You have that relate to the instant lawsuit in any way, and identify the primary and any secondary account obligor.

**ANSWER:**

9.     During the Relevant Time Period, who owned the debt in this dispute? If You do not own the debt, then, in that case, who assigned You to collect in the debt and when were You assigned the debt?

**ANSWER:**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh .v. LVNV Funding LLC and TrueAccord Corp.*
Page 10 of 15

10.    Describe your relationship with your co-defendant, TrueAccord Corp..

**ANSWER**:

11.    Describe any formal or informal agreements in which any entity may be responsible to pay any verdict, award, or settlement of any defendant in this action.  This interrogatory seeks identification and description of any agreements between You and any applicable liability insurance provider, identifying the name of the liability insurance provider, the policy number, the claim number with respect to this occurrence (if applicable), policy limits, the Declaration Page, the insurance adjuster's name and contact information, and the name and address of the custodian of the policy.

**ANSWER**:

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 11 of 15

12.     Identify the name and address of each and every third party You communicated with or shared information with regarding Plaintiff, the Debt, as defined in the Complaint, and/or the Subject Account. This Interrogatory seeks information regarding, but not limited to, the email vendor(s) You used to print and/or send the email attached to Plaintiff's Complaint as Exhibit "A."

**ANSWER:**

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page **12** of 15

13.     Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's operative Complaint, your answer, and affirmative defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, case number, and date the affidavit, deposition, trial testimony, or report was made, taken, or occurred. The request for identification of trial testimony is limited to testimony given relating to any claims concerning compliance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), on behalf of the party responding to this Interrogatory. This interrogatory is further limited to testimony given within the preceding five years.

**ANSWER**:

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 13 of 15

## VERIFICATION PAGE

I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: _____

_____
Signature

_____
Print name

_____
Title

State of _____

County of _____

The foregoing instrument was acknowledged before me by means of ☐ physical presence or  ☐  online  notarization,  this  _____  day  of  _____,  202__,  by _____ (name of officer or agent, title of officer or agent) of _____ (name of corporation acknowledging), a _____ (state or place of incorporation) corporation, on behalf of the corporation. He/she is _____ personally known, or _____ produced _____, as identification.

_____
NOTARY PUBLIC
Printed Name: _____
Commission Expires: _____

Plaintiff's First Interrogatories to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 14 of 15

DATED  December 9, 2021:

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Counsel for Plaintiff

[THIS SECTION LEFT INTENTIONALLY BLANK]

Plaintiff's First Interrogatories to LVNV Funding LLC
Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.
Page 15 of 15

Case Number:21-011170-SC

Filing # 139308843 E-Filed 11/30/2021 08:35:53 AM

**IN THE COUNTY COURT**
**OF THE SIXTH JUDICIAL**
**CIRCUIT IN AND FOR**
**PINELLAS COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

Case No:

**RENISON DIPCHANSINGH,**

     **Plaintiff,**

**v.**

**LVNV FUNDING LLC and**
**TRUEACCORD CORP.,**

     **Defendants.**

_____/

## PLAINTIFF'S FIRST REQUESTS FOR
## ADMISSION TO DEFENDANT LVNV FUNDING LLC

**COMES NOW**, Plaintiff, **RENISON DIPCHANSINGH** ("Mr. Dipchansingh" or

"Plaintiff"), by and through the undersigned counsel, and hereby requests that Defendant, **LVNV**

**FUNDING LLC**, respond to the following Requests for Admission within 30 days after service

hereof, in accordance with Fla. R. Civ. P.§ 1.370.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 1 of 7

***ELECTRONICALLY FILED 11/30/2021 08:35:52 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **30** day of **November, 2021**:

1.    __X__ Electronic Mail/Electronic Service, __X__ Delivery, ____ US Mail, ____ Fax

LVNV Funding LLC
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.    Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.    Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.    Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.    Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 2 of 7

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

5.      A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

a.   State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

b.   For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

6.      Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

7.      The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

8.      The term "Plaintiff's E-mail Address" refers to e-mail address crystaldipchansingh0***@gmail.com.

9.      The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 3 of 7

10.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

11.     If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Requests for Admission to LVNV Funding LLC
Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.
Page 4 of 7

## II. PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT LVNV FUNDING LLC

1.      Admit that Plaintiff is a natural person.

2.      Admit that Plaintiff is not a business entity.

3.      Admit that You had and have no information suggesting that the Subject Account was a commercial or business account.

4.      Admit that the Subject Account was in default at the time it was sold to You.

5.      Admit that You were acting as a debt collector pursuant to the FDCPA when you communicated with Plaintiff regarding the Subject Account.

6.      Admit that You sent the email attached to the Complaint as Exhibit "A" to Plaintiff's E-mail Address on May 4, 2021.

7.      Admit that the email you sent to Plaintiff attached to the Complaint as Exhibit "A" was sent in connection with the collection of the debt owed under the Subject Account.

8.      Admit that all emails you sent to Plaintiff during the Relevant Time Period were sent in attempts to collect a debt owed under the Subject Account.

9.      Admit that You have at least one recording from during the Relevant Time Period related to the Subject Account.

10.      Admit that You have more than one recording from during the Relevant Time Period related to the Subject Account.

11.      Admit that You have no corporate policies or procedures in place to avoid the violations at issue in this lawsuit.

12.      Admit that You do not supervise TrueAccord Corp. when TrueAccord Corp. is collecting consumer debts owed to You.

13.      Admit that You had a written contract with TrueAccord Corp. during the Relevant Time Period.

14.      Admit that TrueAccord Corp. was acting as Your agent with respect to the Subject Account during the Relevant Time Period.

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 5 of 7

15.     Admit that You allowed TrueAccord Corp. to enter Plaintiff's information into Your sales or customer systems.

16.     Admit that You gave TrueAccord Corp. authority to use Your trade name, trademark, or service mark.

17.     Admit that You approved, wrote, or reviewed a transcript for TrueAccord Corp. to use when placing calls in connection with the collection of a balance owed under the Subject Account.

18.     Admit that You approved, wrote, or reviewed a form letter for TrueAccord Corp. to use in connection with the collection of a balance owed under the Subject Account.

19.     Admit that You had actual knowledge of TrueAccord Corp.'s FCCPA violations related to the Subject Account.

20.     Admit that You failed to stop TrueAccord Corp.'s FCCPA violations related to the Subject Account.

21.     Admit that TrueAccord Corp. participated in Your conduct or affairs during the Relevant Time Period.

22.     Admit that You communicated information regarding the alleged debt owed under the Subject Account to a third-party vendor.

23.     Admit that You communicated information regarding the alleged debt owed under the Subject Account to  TrueAccord Corp..

24.     Admit that Plaintiff did not give You express permission to communication information regarding the alleged debt owed under the Subject Account to any third-party vendor.

25.     Admit that You violated the FDCPA.

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 6 of 7

DATED **November 30, 2021:**

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Requests for Admission to LVNV Funding LLC
*Dipelantonio/i v. LVNV Funding LLC and Iznadezemi Corp.*
Page 7 of 7

Case Number:21-011170-SC

Filing # 139308843 E-Filed 11/30/2021 08:35:53 AM

IN THE COUNTY COURT
OF THE SIXTH JUDICIAL
CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Case No:

RENISON DIPCHANSINGH,

      Plaintiff,

v.

LVNV FUNDING LLC and
TRUEACCORD CORP.,

      Defendants.

_____/

### PLAINTIFF'S FIRST REQUESTS FOR
### PRODUCTION TO DEFENDANT LVNV FUNDING LLC

      **COMES NOW**, Plaintiff, **RENISON DIPCHANSINGH** ("Mr. Dipchansingh" or

"Plaintiff"), by and through the undersigned counsel, and hereby requests that Defendant, **LVNV**

**FUNDING LLC**, respond to the following Requests for Production within 30 days after service

hereof, in accordance with Fla. R. Civ. P. § 1.350.

### [CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 1 of 10

***ELECTRONICALLY FILED 11/30/2021 08:35:52 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been served and filed as follows on the **30** day of **November, 2021**:

1.    **X** Electronic Mail/Electronic Service, **X** Delivery, ____ US Mail, ____ Fax

LVNV Funding LLC
C/O CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132

## I. INSTRUCTIONS AND DEFINITIONS

1.      Throughout this request, "You" or "Your" refers to the answering party or parties, and their owners, officers, agents, representatives, independent contractors, employees, attorneys, and/or anyone acting on their behalf.

2.      Please furnish all information in Your possession and control. If You cannot answer the requests in full after exercising due diligence to secure the information to do so, state the answer to the extent possible specifying Your inability to answer the remainder, and state whatever information or knowledge You have concerning the unanswered portion.

3.      Each request is considered continuing, and if You obtain information which renders its answers or any of them incomplete or inaccurate, You are obligated to serve amended answers on the undersigned.

4.      Insofar as may be applicable, and except as otherwise indicated, the term "document" or "documents" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in Your possession, control or custody or of which You have knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account,

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 2 of 10

journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs, discs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, mimeographed, photocopied   or otherwise reproduced; and slides or motion pictures, television tapes; all tape recordings (whether for computer, audio or visual replay) or other written, printed or recorded matter or tangible things on which words, phrases, symbols or information are affixed.

     5.     A request to "identify" a document is a request to state (insofar as may be applicable):

     a.   The date of such document.

     b.   The type of document or written communication it is.

     c.   The names and present addresses of the person or persons who prepared such document and of the signers, senders and addressees of such document.

     d.   The name of any principal whom or which the signers, senders and preparers of such document were thereby representing.

     e.   The present location of such document.

     f.   The name and present address of the person now having custody of the document.

     g.   Whether You possess or control the original or a copy thereof and if so, the:

         i.   location and name of the custodian of such original or copy;

         ii.  a brief description of the contents of such document.

     6.     A request to "describe" any oral statement or communication is a request to state:

     a.   The name and present address of each individual making such statement or communication.

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 3 of 10

b.  The name of any principal or employer whom or which such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employee.

c.  The name and present address of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer whom such person or persons were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

d.  The names and present addresses of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

e.  The place where such oral statement or communication was made.

f.  A brief description of the contents of such oral statement or communication.

7.      A request to "cite" portions or provisions of any document is a request to state, insofar as applicable with reference to such portion or provision, the title, date, division, page, sheet, charge order number, and such other information as may be necessary to accurately locate the portion or provision referenced.

8.      The term "person" shall include a natural person, partnership, corporation, association, or other group however organized.

9.      Whenever a request is made to "identify" a natural person, it shall mean to supply all of the following information:

a.  His/her full name.

b.  His/her employer and position at the time.

c.  The name of any person or entity (natural or artificial) whom she/he is claimed to have represented in connection with the matter to which the interrogatory relates.

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 4 of 10

     d.  His/her last known address, telephone number, and employer.

     e.  His/her present employer.

    10.     A request to "explain fully" any answer, denial or claim is a request (insofar as may be applicable) to:

     a.  State fully and specifically each fact and/or contention in support of Your answer, denial or claim; and

     b.  For each such fact or contention, to identify each person who has knowledge relevant to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

    11.     Unless otherwise specified, the terms "Subject Account" or "Subject Transaction" means the account(s) or transaction(s) described in the complaint(s) and any account(s) at issue in the operative Complaint or related to the Plaintiff, including any prior or ongoing contract or communication relating to the transaction and/or account, up to and including the date of Your answers to these interrogatories. Specifically, "Subject Transaction" includes each and every agreement, contract, communication or transaction between the Defendant(s) and/or its assignor, agents, representatives and employees.

    12.     The term "Relevant Time Period" shall mean one (1) year prior to the date on which Plaintiff's Complaint was filed in the instant lawsuit.

    13.     The term "Plaintiff's E-mail Address" refers to e-mail address crystaldipchansingh0***@gmail.com.

    14.     The acronym "FDCPA" refers to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.*

    15.     For any terms not otherwise defined above or in the paragraph where the term is used, please first reference the definitions provided under Florida Statute 671.201, and if the term is not found there, reference Black's Law Dictionary, and if the term is not found there, reference

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 5 of 10

Webster's Dictionary.  If a term remains unascertainable, please contact the undersigned with the term(s) and paragraph number which contains the same.

16.      If any paragraph of this request is unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.


**[THIS SECTION LEFT INTENTIONALLY BLANK]**

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 6 of 10

## II. PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT LVNV FUNDING LLC

1.      All documents utilized or referred to in preparing Your responses to any Interrogatories or Requests for Admission served on You in this lawsuit.

2.      Any and all documents, recordings, or electronic data contained in the Subject Account file, including, but not limited to: all account notes, system-generated activity, and payment history.

3.      Produce all nonprivileged documents in Your possession that mention, discuss, or reference this lawsuit.

4.      Your complete records (typewritten, handwritten, and computer-generated) of Your attempts to collect an alleged balance owed under the Subject Account including, but not limited to: all records of: (i.) all calls placed or text messages sent to all phone numbers associated with the Subject Account, (ii.) all e-mails sent to all email addresses associated with the Subject Account, and (iii.) all letters sent to all addresses associated with the Subject Account.

5.      All statements obtained by You from Plaintiff.

6.      Your call log or dialer records of all calls related to the Subject Account (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account).

7.      Any documents which contain Plaintiff's name, phone numbers, or e-mail addresses which were referenced in an attempt to collect on any alleged balance owed under the Subject Account.

8.      Any and all audio recordings of any and all phone calls (whether the calls were made to the Plaintiff directly, received from the Plaintiff directly, or between You and any third parties regarding the Subject Account), interviews, meetings and/or discussions related to the Subject Account. Produce these as they are kept in the usual course of business. If this information is electronically stored, please produce in mp3 format and send via email or weblink to counsel of

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 7 of 10

record for Plaintiff in this lawsuit, or produce on CD, DVD, or USB memory drive and send via certified mail to counsel of record for Plaintiff in this lawsuit.

9.   Copies of each and every document that You intend to use or seek to introduce as evidence at summary judgment or trial in this lawsuit.

10.   All complete debt collection training records, including, but not limited to, any disciplinary history of all natural persons who attempted to collect an alleged balance owed under the Subject Account.

11.   All form e-mails, letters, text messages, or telephone scripts that You used or relied upon when communicating with Plaintiff regarding the Subject Account.

12.   All policies or procedures which You contend support any bona fide error defense that You are raising.

13.   Documents evidencing your policies and procedures for documenting telephone calls, emails, letters, and/or conversations with individuals contacted by You regarding the Subject Account during the Relevant Time Period.

14.   Documents You used to comply with 15 U.S.C. § 1692c(b) of the FDCPA during each year of the Relevant Time Period, concerning Your communications at issue in this lawsuit.

15.   A copy of all policies and procedures which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(b) during each year of the Relevant Time Period.

16.   A copy of all training materials used by You which concern or are related to practices to be followed by You to comply with the FDCPA, including, but not limited to, those policies and procedures that specifically related to compliance with the FDCPA, 15 U.S.C. § 1692c(b) during each year of the Relevant Time Period.

17.   Documents evidencing any contract or agreement between Plaintiff and You concerning the Subject Account in effect during the Relevant Time Period.

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 8 of 10

18.     Produce all Documents identifying, relating to, or regarding all contracts or agreements between You and any person (including, but limited to, any and all subservicers, servicers, or any other business entity) that communicated with Plaintiff or any third parties on Your behalf in connection with the collection of any alleged balance owed under the Subject Account during the Relevant Time Period. This Request seeks information regarding, but not limited to, any letter, email, scrubbing, or other vendor(s) used with respect to the Subject Account.

19.     Any insurance policies, declaration pages, indemnification agreements, or other contracts You have that may cover the violations alleged in this lawsuit.

20.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning saving tape recordings that are the subject of legal complaints filed against You.

21.     Documents, in effect during the Relevant Time Period describing Your retention policy concerning documents and data.

22.     All documents that support the factual basis of Your denial of any of the allegations alleged in Plaintiff's Complaint.

23.     All documents that support the factual basis of any Affirmative Defense asserted by You in Your Answer and Affirmative Defenses.

24.     A log of any and all documents or data that You contend may have been destroyed regarding the Plaintiff or the Subject Account. Include in the log a description of the document or data, the date of destruction, and the party responsible.

25.     All documents or information regarding the Subject Account that was sent to any credit reporting agency, or to any vendor, that was used to furnish information to the credit reporting agencies or was otherwise used in connection with the Subject Account.

26.     Any and all transcripts of depositions taken of any corporate representative of Your company in the past 5 years.

27.     Produce a privilege log of any documents or communications withheld from production.

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh v. LVNV Funding LLC and TrueAccord Corp.*
Page 9 of 10

28.     All prior lawsuits or complaints, whether in court, by direct communication, or through any other governmental or administrative agency, made against You and Your subsidiaries and affiliates from the past three (3) years that relate to violation(s) of the FDCPA, 15 U.S.C. § 1692c(b) similar to those alleged in the Complaint in this lawsuit. Identification should include, but is not limited to, the case number, civil case file number, state where lawsuit/complaint was filed, court/agency in which law suit/complaint was filed, nature and substances of each and every claim made in the lawsuit, and the date on which the law suit/complaint was filed with the court.

29.     All documents or recordings that relate in any way to your relationship with TrueAccord Corp., including, but not limited to, contracts, both written and oral, guides, and policy and procedure documents, that relate to the Subject Account.

DATED November 30, 2021:

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

[THIS SECTION LEFT INTENTIONALLY BLANK]

Plaintiff's First Requests for Production to LVNV Funding LLC
*Dipchansingh  v. LVNV Funding LLC and TrueAccord Corp.*
Page 10 of 10